IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-cv-397-BO

| | | |
|---|---|---|
| TONYA MICHELLE LAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the Order and Memorandum Recommendation ("M&R") United States Magistrate Judge James E. Gates pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). For the following reasons, the Court adopts the M&R.

## BACKGROUND

On January 5, 2012, plaintiff filed applications for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act") and supplemental security income ("SSI") benefits under Title XVI of the Act. [Tr. 252]. Plaintiff alleged a disability onset date of September 4, 2009. *Id.* Plaintiff's applications were denied initially and upon reconsideration. [Tr. 273–99].

On February 22, 2013, an administrative law judge ("ALJ") held a video conference to consider plaintiff's claims *de novo*. [Tr. 132–66]. On March 29, 2013, the ALJ issued a decision denying plaintiff's claims, and finding that, as a matter of law, she was not disabled from September 4, 2009, to the date of that decision. [Tr. 252–62]. Plaintiff requested review by the

Appeals Council. [Tr. 366–67]. On June 17, 2014, the Appeals Council entered an order remanding the case for further administrative proceedings. [Tr. 269–72].

On April 15, 2015, plaintiff received another hearing before the ALJ. [Tr. 167–90]. On June 15, 2015, the ALJ again determined that plaintiff was not disabled under the Act. [Tr. 103–20]. On September 23, 2016, the Appeals Council denied plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision. [Tr. 1–7].

On November 29, 2016, plaintiff, now *pro se*, filed a motion to proceed in this court *in forma pauperis*. [D.E. 1]. This motion was granted. [D.E. 5]. Plaintiff filed an action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). [D.E. 6]. The parties filed cross-motions for judgment on the pleadings. [D.E. 21, 27].

On July 18, 2017, the court referred the pending cross-motions to Magistrate Judge Gates for entry of an M&R pursuant to 28 U.S.C. § 636(b). *See* [D.E. 29, 30]. On October 10, 2017, Magistrate Judge Gates issued an M&R recommending that: plaintiff's motion for judgment on the pleadings be allowed; defendant's motion for judgment on the pleadings be denied; and that the case be remanded to the Commissioner. [D.E. 31]. On October 18, 2017, defendant timely filed objections to the M&R. [D.E. 32]. The court now reviews defendant's objections.

## LEGAL FRAMEWORK

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *cf. Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not

conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation and citation omitted).[1]

## DISCUSSION

For those portions of the M&R to which defendant does not object, the court is satisfied that there is no clear error on the face of the record. As to the portions of the M&R to which defendant objects, the court conducts its review *de novo*. *See* 28 U.S.C. § 636(b)(1).

Defendant first objects to the M&R's recommendation that the case be remanded in order to discuss what limitations resulted from plaintiff's moderate difficulty in concentration, persistence, or pace ("CPP"). *See* [D.E. 32] at 4. Defendant specifically asserts that the M&R incorrectly applied the holding of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). *Id.* Although defendant acknowledges that *Mascio* requires an ALJ to discuss whether a claimant's limitation in CPP precludes work, defendant asserts that the M&R was incorrect when it "indicated" that an ALJ's limitation of a claimant's Residual Function Capacity ("RFC") to simple, routine, and repetitive tasks could not satisfy *Mascio*. *Id.* at 5. Defendant urges: "when medical evidence demonstrates that a claimant can engage in simple routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitation." *Id.* (quoting *Winschel v. Comisisoner of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011)). Defendant further asserts that this case is distinguishable from *Mascio* because the ALJ *did* discuss plaintiff's moderate limitation in CPP but nevertheless found that she was capable of work. *Id.* at 6.

---

[1] The Court incorporates by reference Judge Gates's recitation of: (1) the five-step sequential evaluation for determining whether a claimant is disabled; (2) the ALJ's findings below; and (3) the applicable legal standards on review. See [D.E. 31] at 2–7.

3

The court rejects this argument. In *Mascio*, the Fourth Circuit found that an ALJ's RFC decision was erroneous because, among other things, the ALJ "ignor[ed] (without explanation) Mascio's moderate limitation in her ability to maintain her concentration persistence or pace." *Mascio*, 780 F.3d at 633. Further, the Fourth Circuit found that because "the ability to perform simple tasks differs from the ability to stay on task," an ALJ does not "account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (internal quotation and citations omitted).

Here, as noted in the M&R, the ALJ found that plaintiff had moderate difficulties in CPP. *See* [D.E. 31] at 9. The record reflects that the ALJ attributed these CPP difficulties to plaintiff's cognitive disorder. [Tr. 109–110]. The ALJ made the following RFC determination:

> The claimant has the residual function capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, the claimant can lift and carry up to 50 pounds occasionally and 25 pounds frequently, sit for 6 hours in an 8-hour day, and stand and/or walk for 6 hours in an 8-hour day. The claimant is limited to understanding, remembering, and carrying out simple instructions.

[Tr. 110].

Here, the ALJ's RFC addressed CPP only by limiting plaintiff to "understanding, remembering, and carrying out simple instructions." *Id.* The RFC did not address plaintiff's ability to: respond to supervision, work with coworkers, or deal with work-environment changes. The RFC did not even use the words "unskilled work." Accordingly, this RFC falls short of addressing whether plaintiff has fulfilled all of the "basic mental demands of competitive, unskilled work."[2] Thus, contrary to defendant's assertions, the RFC did *not* effectively limit plaintiff to unskilled work. *Cf. Winschel*, 631 F.3d at 1180.

---

[2] The court notes that SSR 85-15 states the following, relevant, definition regarding unskilled work:

4

As discussed above, the Fourth Circuit already found that restricting a plaintiff to "simple, routine tasks or unskilled work" was *insufficient* to account for CPP limitations. *Mascio*, 780 F.3d at 638. It is axiomatic that the ALJ's RFC restrictions in the present matter–restrictions less comprehensive than those found insufficient in *Mascio* when a vocational expert explicitly discussed unskilled work–are themselves inherently insufficient such that remand is required.

Defendant's second objection is that, because the ALJ found that plaintiff's mental impairments are well-controlled by medication, and because the ALJ likewise determined that plaintiff's CPP limitations were solely due to this mental impairment, the ALJ's opinion that plaintiff could work despite moderate CPP limitations was supported by evidence of record. *See* [D.E. 32] at 6 (citing *Gross v. Heclker*, 785 F.2d 1163, 1166 (4th Cir. 1986), for the proposition that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling").

This argument is counterfactual. If, as defendant argues, plaintiff exhibited "normal attention, concentration, and memory," *see* [D.E. 32] at 7, why did the ALJ find that she had moderate difficulties with CPP at all? Although the record reflects that the ALJ found that medication helped plaintiff manage her mental health symptoms, *see* [Tr. 115], the ALJ nevertheless determined that plaintiff had moderate difficulties with CPP in spite of the ameliorative effects of this medication, *see* [Tr. 109–110]. As discussed above, the real issue is

---

The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base.

Titles II & Xvi: Capability to Do Other Work-The Medical-Vocational Rules As A Framework for Evaluating Solely Nonexertional Impairments, SSR 85-15 (S.S.A. 1985).

5

that, after making a CPP finding that favored plaintiff, the ALJ failed to incorporate this finding properly into the RFC. *See Mascio*, 780 F.3d at 638.

Defendant's third objection relates to Judge Gates's footnotes. *See* [D.E. 32] at 6–7 n.1 (citing [D.E. 31] at 9 n.7), 8 n.2 (citing [D.E. 31] at 10 n.8). The court gives this objection no credence. As an initial matter, these footnotes merely provide guidance to the Commissioner on remand and the hortative language therein does not, *per se*, constitute "findings and recommendations." *See* 28 U.S.C. s 636(b)(1) (requiring the judge to make *de novo* findings as to "those portions of the report or specified proposed findings or recommendations to which objection is made"); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) (including, among exceptions to *de novo* review requirement, "objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"). Nevertheless, even applying *de novo* review, the court substantially agrees with the concerns illuminated in Judge Gates's footnotes.

The first footnote registers Judge Gates's concern that the ALJ's opinion appears to assert that "the fact of referral [to a health practitioner] by a claimant's attorney is itself a valid basis for discounting a source's opinion." [D.E. 31] at 9 n.7. Although defendant emphasizes that the ALJ used the word "moreover" and noted inconsistency with the record while discounting Dr. Bennet's medical opinion, *see* [D.E. 32] at 6–7 n.1 (citing Tr. 116), the court is not convinced that this reliance on alternative rationale exculpates the ALJ's bald assertion questioning the impartiality of Dr. Bennet's medical opinion merely because this opinion was sought by the plaintiff's attorney.

An ALJ is entitled to give little weight to a medical opinion. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (noting that "the ALJ holds the discretion to give less weight to the

6

testimony of a treating physician in the face of persuasive contrary evidence."); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) ("By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). However, an ALJ may not reject medical evidence for the wrong reason. *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980). Where, as here, at least part of the ALJ's justification for discounting a medical opinion–because the opinion was sought by the plaintiff's attorney–is legally questionable, remand is appropriate for the ALJ to clarify his rationale. *See* 20 C.F.R. § 404.1527(c)(2) (noting that an ALJ must give "good reasons" for the weight assigned to a treating opinion); *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (noting that remand is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review."); *cf. Craig*, 76 F.3d at 589 (noting that when ALJ findings are "supported by substantial evidence and were reached through application of the correct legal standard," the court must uphold the Commissioner's decision).

As to the second footnote, defendant takes issue with Judge Gates's assessments–that "the ALJ sees one stone of limitation to unskilled work as killing many birds," and that the ALJ's analysis is "backwards," as was problematic in *Mascio*. *See* [D.E. 32] at 8 n.2 (citing [D.E. 31] at 10 n.8). In response, court need only note that defendant's officious quibbles regarding the "oddity" of these stylistic flourishes in the M&R do not affect the recommendation's rationale. As noted above, the court concurs with the M&R that the ALJ misapplied *Mascio*. Moreover, as discussed above, *see* n.2 *supra*, the "stone of limitation to unskilled work" was never even properly deployed; the record reflects that the RFC, on its face, did not effectively limit plaintiff to unskilled work, *see* [Tr. 110], despite defendant's, and the

ALJ's, various protestations to the contrary, *see* [Tr. 114, 116, 118]; [D.E. 32] at 5, 8 n.2. Accordingly, the court finds no error in the M&R and concurs that ALJ's decision should be remanded.

## CONCLUSION

For the foregoing reasons, the court ADOPTS Magistrate Judge Gates's M&R. Accordingly, plaintiff's motion for judgment on the pleadings [D.E. 21] is GRANTED and defendant's motion [D.E. 27] is DENIED. The decision of the Commissioner is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This 16 day of November, 2017.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE